### ISAAC A. COATES

*v.*

### ALEXANDER CUNNINGHAM.

1. WRIT OF ERROR—*interlocutory decree.* A decree simply appointing a receiver and settling no rights, is interlocutory, and a writ of error will not lie to reverse it.

2. RECEIVER—*effect of appointing.* The appointment of a receiver does not determine any right nor affect the title of either party. He is the officer of the court, and his holding is that of the court for him from whom the possession is taken. He holds for the benefit of the party ultimately entitled, and when this is ascertained he will be considered his receiver.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill in chancery, filed by Alexander Cunningham, for himself and in behalf of all other creditors of the Bank of Chicago, against Isaac P. Coates, the Bank of Chicago, the president of the bank, and others. The object of the bill is stated in the opinion. The defendant in error moved the court to dismiss the writ of error, for the reason that it did not lie in such a case as this.

Messrs. SHUFELDT & WESTOVER, for the plaintiff in error.

Messrs. HARDING, McCOY & PRATT, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

The attempt is here made to prosecute a writ of error upon a decree appointing a receiver.

The prayer of the bill is, that after the assets of the bank shall be exhausted, the several stockholders shall be decreed to pay the balance of complainant's judgment, *pro rata;* that a receiver be appointed; that the defendant, The Third National Bank of Chicago, be decreed to deliver to the receiver the surplus of collaterals; that the assignment to Coates be declared void, and he be decreed to release the property held by him to the receiver; that the assets of the bank be applied to the payment of its indebtedness; that the liability of the stockholders be ascertained, and each be decreed to pay his share of an amount necessary to liquidate the indebtedness, etc.

"The appointment of the receiver does not determine any right nor affect the title of either party, in any manner whatever. He is the officer of the court, and his holding is the holding of the court for him from whom the possession was taken. He is appointed on behalf of all parties, and his appointment is not to oust any party of his right to the possession, but merely to retain it for the benefit of the party ultimately entitled; and when he is ascertained, the receiver will be considered as his receiver." *Elliott* v. *Warford,* 4 Md. 80; Matter of Colvin, 3 Md. Ch. 280. See, also, *Porter* v. *Williams and Clark,* 9 N. Y. (5 Selden) 142; 2 Story's Equity, § 831, 833, 833 a.

It is plain no final decree was rendered, nor could such a decree have been rendered without ascertaining and determining the rights of the several parties, which it is not pretended was attempted.

The decree was purely interlocutory. Adams' Equity (6 Am. ed.) 684–5, 689; *Nichols* v. *The Perry Patent Arm Co.* 3 Stockton, 126; *Forgay* v. *Conrad,* 6 Howard, (U. S.) 204.

It has often been held by this court, that a writ of error will not lie on such a decree. *Pentecost* v. *Magahee,* 4 Scam. 326; *Hayes* v. *Caldwell et al.* 5 Gilm. 35; *Woodside et al.* v. *Wood-*

*side et al.* 21 Ill. 207; *Fleece* v. *Russell et al.* 13 id. 31; *Keel* v. *Bentley,* 15 id. 228.

The writ of error must, therefore, be dismissed.

*Writ of error dismissed*