## WILLIAM LACEY
### v.
## DAVID J. BAKER ET AL.

PRACTICE—APPEAL—NOT FROM ORDER DISSOLVING INJUNCTION.—An appeal will not lie from an order dissolving an injunction, where an injunction is not the only relief prayed for, and the cause is still pending in the court below for a trial upon the merits.

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed February 3, 1880.

Mr. JOHN J. McKINNON and Mr. H. A. JONES, for appellant; as to reasons for continuing an injunction cited, 3 Daniell's Ch. 1775: High on Injunctions, 529; Linton v. Denham, 6 Fla. 533; Poor v. Carleton, 3 Sumner, 70; Chetwood v. Brittan, 1 Green's Ch. 438; Firestone v. DeCamp, 2 C. E. Green, 309.

Where a defendant in his answer does not deny the equity of the bill, but sets up new matter of defense, the injunction will be retained until the hearing: Mintum v. Seymore, 4 Johns. Ch. 497; Lindsey v. Ethridge, 1 Dev. & Batt. 38; Hutchins v. Hope, 12 Gill & J. 244; Lyrely v. Wheeler, 3 Ired. 170; Rembert v. Brown, 17 Ala. 667; Adams Eq. 196; Little v Marsh, 2 Ired. Eq. 28; Williams v. Hall, 1 Bland's Ch. 193.

To entitle defendant to a dissolution of the injunction his answer must be at least credible: High on Injunctions 531; Moore v. Hylton, 1 Dev. Eq. 433.

Where a party claims under a deed which has been altered, it devolves on him to account for the alteration: Pyle v. Onstott, Ill. Syn. Rep. 273; Ely v. Ely, 6 Gray, 439.

Messrs. DIVINE & DUNTON, for appellees; that parties interested may consent to the alteration of a deed when executed, and it will take affect as a new instrument, cited Prettyman v. Goodrich, 23 Ill. 330; Penny v. Corwith, 18 Johns. 498; Wooly v. Evans, 4 Johns. 54.

There is no presumption of law arising from an inspection of the instrument, that it has been altered since its execution: Reed v. Kemp, 16 Ill. 445; Walters v. Short, 5 Gilm. 252; 1 Phillips on Ev. 606; Baily v. Taylor, 11 Conn. 521.

If an alteration be material, but not fraudulently done, a recovery may be had upon the original consideration: Elliot v. Blair, 47 Ill. 342; Vogel v. Ripper, 34 Ill. 100.

The mortgage has been for years recognized as valid by the appellant, and he should now · be estopped from denying it: King v. Bush, 36 Ill. 142; Rose Clair Lead Co. v. Madden, 54 Ill. 260.

Usury must be specially pleaded in chancery as at law: Mosier v. Norton, 83 Ill. 519; Durham v. Tucker, 40 Ill. 519; Frank v. Morris, 57 Ill. 138.

A motion to dissolve the injunction has the effect of a demurrer to the bill: Weaver v. Poyer, 70 Ill. 567.

Where it is apparent, upon motion to dissolve, that complainant has misrepresented his case, it is ground for dissolution of the injunction: High on Injunctions, § 885; Adams' Eq. 356.

PLEASANTS, J.   Appellant filed his bill to enjoin a sale under the power contained in a mortgage executed by him to appellee Baker on the 17th day of December, 1877, to secure two notes of even date for $500 each, payable in five years with interest annually at ten *per cent.*

With all necessary specification it charged fraud and usury in antecedent dealings out of which the mortgage grew, whereby it was alleged, he had largely overpaid all his indebtedness, including said notes, to the defendants or either of them, and prayed, besides the injunction, a reference to the master to take and report the proofs and state the account, and that upon the coming in of such report and statement, the said mortgage and notes be decreed to be canceled and the defendants or one of them to pay him whatever sum should be found to be his due, and for such other, further or different relief as his case should require.   Upon the bill, without notice to the defendants, the injunction was allowed.

They filed separate answers and moved thereon to dissolve

it ; which motion being heard in vacation, upon the pleadings, documents and affidavits, was sustained, and afterwards upon filing the judge's order it was by the court ordered that said injunction be dissolved pursuant thereto, and that defendants recover their costs.

From this order complainant prayed an appeal, and upon the record brought here, which contains a bill of exceptions showing the evidence produced and offered and the proceedings had upon the hearng of said motion, assigns for error the exclusion of certain notes and indorsements offered in evidence on said hearing, and the order above set forth.

We find that the arguments here are addressed to the questions of fact preserved by the pleadings, and the legal effect of the evidence introduced and offered on the hearing of said motion.

But these questions we are not at liberty now to consider. The injunction of the sale is not the only relief sought. The bill has not been dismissed nor even demurred to, but fully answered as stating a case *prima facie* entitling complainant to all he asks. The cause is still pending in the circuit court to be there tried upon the several issues joined, and the point of appellant's complaint here is that the injunction was not continued in force until the final hearing. It is manifest therefore that the order of dissolution was not a disposition of the case, nor final in any such sense as to make it the subject of an appeal. Cornelius v. Coons, Breese (Beecher's Ed.) 37; McKinstry v. Pennoyer, 1 Scam. 319; Titus v. Mabee, 25 Ill. 259; Knapp v. Marshall, 26 Id. 63; Weaver v. Poyer, 70 Id. 567; Prout v. Lomer, 79 Id. 331.

So, also, the award of costs to the defendants is still within the power of the circuit court to deal with on final hearing, as equity shall demand.

The appeal must be dismissed.

Appeal dismissed.