WILLIAM E. PEASE ET AL.

V.

JOHN G. ROBERTS, Guardian, etc.

1. PRACTICE—STIPULATION—FINAL ORDER.—By agreement of parties the cause was submitted to the court for hearing in vacation, the judgment of the court to be rendered *nunc pro tunc* as of the term when stipulation filed. Hearing was had in vacation, and afterwards judgment reversing the order of the county court was rendered *nunc pro tunc*, with an order that the parties have a right of appeal within ten days from date of the order. *Held*, this was a final order, binding upon the parties, subject only to the right of appeal.

2. GRANTING NEW TRIAL.—The judgment not being appealed from within the time limited in the order, it became final, and it was error to set aside such finding and order and grant a new trial upon motion made at a subsequent term of court.

3. APPEAL—WHAT QUESTIONS BROUGHT UP.—An appeal from a subsequent order of the court striking the cause from the docket, after granting a new trial, will not bring up for consideration the merits of the case, the same as if an appeal had been taken from the original judgment of the court.

APPEAL from the Circuit Court of Tazewell county, the Hon. N. M. LAWS, Judge, presiding. Opinion filed October 19, 1881.

Messrs. GROSS & CONKLING, for appellants; that by a continuance of the motion to set aside the judgment, until the next term, the court did not lose jurisdiction of the case, cited T. P. & W. Ry. Co. v. Eastburn, 79 Ill. 140; Hibbard v. Mueller, 86 Ill. 256.

As to the power of probate courts to remove guardians for cause: Bond v. Lockwood, 33 Ill. 212; Steele v. Guardian, 65 Ill. 322; Tyler on Infancy, 253; Bray v. Brumsey, 1 Murph. 227; *Ex parte* Crutchfield, 3 Yerg. 336; Pepper v. Stone, 10 Vt. 427; Marston v. Wilcox, 1 Scam. 60; Young v. Lorain, 11 Ill. 633; Rev. Stat. 1874, 562, § 37.

Fraud in procuring letters of guardianship is good cause: Com'rs v. Com'rs, 84 Ill. 279; Bigelow on Fraud, Chap. 111, § 1; Wanzer v. Bright, 52 Ill. 35.

Where jurisdiction is obtained by fraud, courts will refuse to continue to hold jurisdiction: Steiger v. Bonn, 4 Fed. Rep'r, 17; Blair v. Tuttle, 5 Fed. Rep'r, 394; Meadows v. Duchess of Kingston, Amb. 756.

The suppression of a material fact is equivalent to the assertion of a falsehood: Lockridge v. Foster, 4 Scam. 569; Aortson v. Ridgway, 18 Ill. 23; McConnel v. Wilcox, 1 Scam. 344; Belden v. Henriques, 8 Cal. 87; Grove v. Hedge, 55 Pa. St. 504.

The probate court of Sangamon county having acquired jurisdiction over the person and property, would retain it, and the appointment of a guardian by another court would be void: The People v. White, 11 Ill. 342; Dorman v. Ogbourne, 16 Ala. 759.

Messrs. PALMERS, ROBINSON & SHUTT, and Mr. JOHN B. COHRS, for appellee.

PER CURIAM. On the 9th day of August, 1879, the county court of Tazewell county made an order revoking letters of guardianship, before that time issued by said court, to John G. Roberts, and revoking and cancelling all proceedings in said court, appointing said Roberts guardian of William E. and Henry L. Pease.

An appeal was taken from this order, to the circuit court, and the cause docketed for the November term, 1879, and on the 29th day of November, 1879, it being the last day of said term, the following order and stipulation of parties was entered of record:

"And now this day come the plaintiffs, William E. Pease and Henry L. Pease, by C. A. Roberts, Esq., their attorney, and the defendant, John G. Roberts, as guardian of William E. Pease and Henry L. Pease, by Green and Cohrs, his attorneys, also comes, and by agreement of the parties, on motion of the plaintiffs' attorney, it is ordered by the court that the intervention of a jury in the trial of this cause, be and the same is hereby waived, and this cause is set for trial by the court, and the same be and is hereby set for hearing by the court in vacation, on depositions and written arguments, to be filed by December 20th, A. D. 1879, and by agreement of the parties, on motion of the plaintiffs's attorney, it is ordered by the court that the judgment to be rendered herein be rendered as of this term of this court."

On the 9th day of January, 1880, an order was signed by the judge of said circuit court, reciting the agreement aforesaid, the hearing and final determination of the cause in vacation as provided by the agreement, and finding and decreeing that the petition to the county court for the removal of said guardian was not proved, and that the order appealed from be reversed at the costs of the petitioners; and the clerk of the Tazewell circuit court was ordered to file and record said order as of the 29th day of November, 1879; either party to have ten days from the 9th day of January, 1880, within which to apply for an appeal.

At the next term, 2nd February, 1880, the petitioners moved the court to set aside the finding and decree of the circuit court and grant a new trial. This motion was continued from time to time until the December term, 1880, when said motion was sustained and a new trial granted upon petitioners paying costs.

At February term, 1881, appellee moved to strike the cause from the docket, for the reason that the decree signed and filed

under the stipulation at the November term, 1879, was final. And at the succeeding March term this motion was sustained and the cause stricken from the docket. From this order an appeal is taken to this court.

We are of the opinion that the stipulation of the parties signed and filed at the November term, 1879, comes within the perview of section 48 of chapter 37, of the revised statute of 1874, and is therefore valid, and that the order made in vacation and entered *nunc pro tunc*, was final and binding upon the parties, subject only to the right of appeal or writ of error; that the order vacating the same at a subsequent term of the court, was without authority and void, and that the order made at the March term, 1881, striking the cause from the docket, was properly made, and that the same should be affirmed by this court.

The order of November, 1879, reversing the order of the county court, was a final disposition of the cause on its merits, and not having been appealed from within the time allowed by law, is not brought before this court for review by the appeal taken from the order of 1881, striking the cause from the docket. Smith v. Brittenham, 94 Ill. 624.

Judgment affirmed.