JOHN FARSON *et al.*

*v.*

CHARLES T. GORHAM.

*Filed at Ottawa May 15, 1886.*

1. APPEAL—*only from final decrees, etc.—and what is a final decree.* An appeal or writ of error lies to review only final orders, judgments or decrees, and not to those which are merely interlocutory. A case can not be heard in a reviewing court by piecemeal.

2. A decree appointing a receiver on a bill to foreclose a mortgage or deed of trust, or removing him, is not a final decree, but is only interlocutory, and for that reason a writ of error does not lie to review the same.

117   137
87a 319

117   137
153    15

117   137
166   455
67a 254

117   137
171   436

117   137
76a 515

117   137
82a 320

117   137
84a   58

117   137
89a ¹435

117   137
100a   305
e100a²419

117   137
198   ¹516

117   137
209  ²  80
112a ¹613

3. CHANCERY—*property in hands of receiver turned over to a purchaser —subject to further order of the court.* Where an order appointing a receiver, on bill to foreclose a trust deed, is vacated, and the property is turned over to a party claiming as purchaser of the equity of redemption, upon his giving bond, with security, to hold the property subject to the order of the court, all moneys which may come into the hands of such purchaser will be subject to the final decree entered in the cause. After final decree the case may be reviewed, and any error therein be corrected.

WRIT OF ERROR to the Appellate Court for the First District;—heard in the court on writ of error to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. MORTON CULVER, for the plaintiffs in error.

Messrs. ABBOTT & JOHNSON, and Mr. E. A. CRANE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by John Farson, trustee, against Gilbert A. Colby and others, to foreclose a certain trust deed which was executed on the first day of October, 1881, by Colby, to Farson, on certain property in Chicago, to secure $19,500 due and owing Preston, Kean & Co. The bill alleged that Colby was insolvent, and prayed that a receiver be appointed to take possession of the premises and collect the rents, as provided in the deed of trust. On the 14th day of May, 1884, the court appointed William D. Preston receiver, who went into the possession of the property. Charles T. Gorham, the defendant in error, was made a party to the bill, but no service was had as to him when the receiver was appointed. On the 3d day of June, 1884, his appearance was entered, and on the 14th of June he filed an answer to the bill. In the answer the defendant in error set up that he had previously obtained a judgment against Colby, upon which his equity of redemption in the mortgaged premises had been sold, and that he had received a sheriff's deed on

the 20th of May, 1884. He denied that Colby was insolvent; denied that there was any cause for the appointment of a receiver. He also set up that the mortgaged premises were worth $30,000,—much more than the mortgage debt. After the filing of the answer, the defendant in error entered a motion to vacate the order appointing the receiver, and that the possession of the property be turned over to him. The court heard the evidence on the motion, and entered an order that Gorham, upon entering into a good and sufficient bond within twenty days, in the sum of $5000, the receiver and his lessees immediately surrender the possession of the property and premises to Charles T. Gorham, to which Augustus D. Lamb, John Farson and Frederick W. Hayes excepted, and prayed an appeal, which was denied. After the appeal was denied, the complainant in the bill sued out a writ of error from the Appellate Court to reverse the order, but on motion in the Appellate Court, the writ of error was dismissed, and this writ of error was brought to reverse the judgment of the Appellate Court.

Section 68 of the Practice act provides: "Appeals from and writs of error to all circuit courts, the Superior Court of Cook county, and city courts, and from other courts from which such appeals and writs of error may be allowed by law, may be taken to the Appellate Courts from all final judgments, orders and decrees, except as herein stated." The question presented is, whether the order entered by the court was a final judgment, within the meaning of the statute.

The original bill to foreclose the deed of trust or mortgage, which must, in the end, finally settle the rights of the parties as to the property involved, is still pending and undetermined in the Superior Court. There are various orders made by a circuit court, in the progress of a cause, which may, for the time, more or less affect the rights of the parties, from which no appeal will lie, nor can a writ of error be prosecuted to reverse such orders, for the reason that such orders are not

final, within the meaning of the statute, but merely interlocutory. We regard the order in question of that character. When this case is heard on its merits, the order that has been entered may be vacated by the Superior Court in the final decree, and hence no necessity exists for reviewing that order until the final decree is rendered in the cause. This court has often decided that a case can not be heard here by piecemeal. In *Coates* v. *Cunningham*, 80 Ill. 467, we held that a decree appointing a receiver is interlocutory, and a writ of error will not lie to reverse a decree removing a receiver, as was done by the decree here. It is true, the decree or order entered in this case gave the defendant in error the possession of the property, but that can not in any manner impair the rights of the complainant, as the defendant in error was required to give bond and security, and all moneys which may come into his hands under the order will be subject to the final decree which the court may ultimately render in the cause. When the original bill is heard on its merits, and a final decree rendered which will definitely settle the rights of all the parties to the cause, it will then be ample time, if the decree is erroneous, for either party to appeal or sue out a writ of error. Then the entire record can be brought before the court for examination, and any error that may have intervened may be corrected.

*Blake* v. *Blake*, 80 Ill. 524, has been cited as an authority by plaintiff in error, but that case has no bearing here. The decree appealed from there was one for the payment of money, against a husband, in a bill for divorce. The decree was one upon which an execution might issue. It was, in effect, an absolute money judgment, and was in no manner connected with, nor did it depend upon, the final decree which might afterwards be rendered in the cause.

The decision of the Appellate Court dismissing the writ of error will be affirmed.

*Decree affirmed.*