# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO STEEL WORKS *et al.*

*v.*

THE ILLINOIS STEEL COMPANY.

*Filed at Ottawa October 29, 1894.*

1. DECREE—*appointing receiver—whether interlocutory or final.* The decree appointing a receiver is held, under the facts and circumstances of this case, to be interlocutory.

2. SAME—*appeal lies in such case to Appellate Court.* Appeals allowed by act of June 14, 1887, from interlocutory decrees appointing receivers, lie only to the Appellate Court, unless a franchise is involved.

3. APPEAL—*must present the whole case.* The Supreme Court will not review a case by piecemeal,—as to one party at one time and another party at another time.

4. EQUITY—*power to dissolve a corporation.* The jurisdiction of a court of equity to dissolve a corporation is derived entirely from section 25 of the act on corporations, and forms no part of the general chancery jurisdiction.

5. FRANCHISE—*whether involved, depends on the decree.* The question whether a franchise is involved, so as to ground writ of error to the Supreme Court, must be determined by the terms of the decree, and not by the prayer of the bill.

6. An interlocutory decree appointing a receiver with the usual powers, under a bill which prays the dissolution of a corporation, does not involve a franchise.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

This is a writ of error, sued out from this Court for the purpose of reviewing an order or decree entered by the Circuit Court of Cook County at its August Term, A. D. 1893, towit: on September 7, 1893, appointing a receiver of the property and assets of The Chicago Steel Works, and a subsequent order, entered at the September Term, 1893, of said Court, towit: on September 29, 1893, overruling a motion, filed therein on September 28, 1893, to vacate the previous order of September 7, 1893, appointing said receiver.

The orders, thus sought to be reviewed here, were entered in a proceeding in said Circuit Court begun by the filing of a bill by the defendant in error, The Illinois Steel Company, on September 5, 1893, against the plaintiff in error, The Chicago Steel Works, and others. The bill was framed under section 25 of the Corporation Act of this State, and filed on behalf of the complainant and all other creditors who would come in and share the expense of the proceeding, and alleges, that the complainant, The Illinois Steel Company, was a creditor of the Chicago Steel Works in the sum of about $20,000.00, represented by four notes, about half of which are due and unpaid; that the Chicago Steel Works is a corporation organized under the laws of Illinois; that it has abandoned the objects for which it was created; that it had ceased doing business leaving its debt to complainant and other debts unpaid; and that it is insolvent. The bill alleges fraud and mismanagement of the corporate affairs of the Chicago Steel Works by its directors, officers and stockholders, extending from 1873 down to the filing of the bill, and charges personal liability against the stockholders and directors. The prayer of the bill is for the appointment of a receiver of the property and assets of the corporation, for a dissolution of the corporation, for a distribution of its

property and assets among those who are lawfully entitled thereto, for an account between it and its debtors, for a decree of personal liability against the directors for the debts of the corporation, and against the stockholders for "the amount unpaid and unsatisfied upon their capital stock thereof in such amounts as are necessary," and for an injunction against conveying the corporate property or creating liens thereon, or giving preference to any creditor, and for other and further relief.

Two days after the filing of the bill and on September 7, 1893, as above stated, the order of that date, appointing a receiver, which is above referred to, was entered in the words and figures following, towit:

"This cause coming to be heard upon motion of the Illinois Steel Company, appearing by its solicitor, and upon the verified bill of complaint filed herein, and it appearing to the court that due notice of this application for receiver and injunction has been served upon the said defendant, the Chicago Steel Works, and the court being fully advised in the premises, finds that the said defendant, the Chicago Steel Works, is a corporation organized under the general Incorporation law of the State of Illinois, as alleged in said bill of complaint; that it is now indebted to the complainant in this cause in the sum of about twenty thousand ($20,000) dollars, of which about ten thousand ($10,000) is now due and unpaid; that the said Chicago Steel Works has ceased doing business, leaving the said indebtedness to the complainant, and other indebtedness to other parties, in large amounts, unpaid. It is therefore ordered by the court, that the Chicago Title and Trust Company be, and it hereby is, appointed receiver of the property and assets of the said Chicago Steel Works, with full power and authority to close up its affairs, and with the usual and customary powers of a receiver in a court of chancery. And it is hereby further ordered, adjudged and decreed, that the affairs of the said corporation be forthwith closed up by the said receiver,

with all due and convenient speed. And it is further adjudged, that this cause shall be held by the court for the entering of such orders as may be necessary, from time to time, with leave to the parties herein, and said receiver, to apply to the court, from time to time, for such orders and directions as may be necessary in the premises."

The motion to vacate said order, which was filed on September 28, 1893, and overruled on September 29, 1893, as above stated, was as follows:

"And now comes said Chicago Steel Works, defendant in this cause, by its solicitor, and moves the court to vacate and set aside the findings, order and decree in said cause entered against it, and for the appointment of a receiver, etc., at the August term of this court last past, towit, on the seventh day of September, A. D. 1893, with all of the other orders of this court consequent thereon, to the end that said defendant may make its lawful defense in said cause unhampered thereby."

The Chicago Title and Trust Company filed its acceptance of the appointment as receiver on September 7, 1893; summons was issued on September 7, 1893, and served, on September 8, on Ebenezer and Clarence Buckingham, The Chicago Steel Works, William M. Adams and the National Bank of America. On September 8, 1893, an amendment to the bill was filed, averring that two of the defendants, named Buckingham, and said Adams are stockholders in the defendant corporation, "and that each one of them is indebted to said corporation for the unpaid balance upon the shares of stock therein held by them respectively." On October 7, 1893, the Chicago Steel Works filed an answer, neither admitting nor denying the allegations of the bill, stating that said allegations had been found against it by the said decree entered on September 7, and declining to answer further, until the Supreme Court had disposed of the writ of error pending for the review of said decree or order. The National Bank of America

filed an answer on October 7, 1893, and, on the same day, the defendants Adams and Ebenezer and Clarence Buckingham filed a demurrer to the bill. Orders were entered on November 3 and 15, upon petitions of the receiver, granting leave to it to pay and compromise certain claims. The present writ of error was issued on October 3, 1893, and served on defendant in error on October 12, 1893.

Mr. CHARLES M. STURGES, for the plaintiffs in error.

Mr. E. PARMALEE PRENTICE, and Messrs. WILLIAMS, HOLT & WHEELER, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

If this case were in a condition to be considered upon its merits, the principal and most important question would be, whether a simple contract creditor, who has not reduced his claim to judgment, can file a bill under section 25 of the Corporation Act. But the consideration of this question, which is ably discussed by counsel on both sides, would be premature at this stage of the present proceeding, in view of the objection which is made to the jurisdiction of this Court. The defendant in error moves to dismiss the writ of error for want of jurisdiction upon two grounds : *first*, upon the ground that the order sought to be reviewed is not a final order, and, *second*, upon the ground that no franchise is involved.

*First*, as to the character of the order. It is insisted by the defendant in error, that the order, appointing the receiver, is interlocutory, while the plaintiff in error, the Chicago Steel Works, contends that it is a final order, reviewable on appeal or by writ of error. The Act of June 14, 1887, "to provide for appeals from interlocutory orders granting injunctions or appointing receivers," provides, "that whenever an interlocutory order or decree is entered in any suit pending in any court in this State,

granting an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal may be taken from such interlocutory order or decree to the Appellate Court," etc.    (Laws of 1887, page 250).

It would seem to be clear, from the language of this statute, that, if the order here sought to be reviewed is an interlocutory order appointing a receiver, its review should have been sought in the Appellate Court, and not in this court.    In some of the States orders appointing receivers are held to be final orders as affecting substantial rights; and it may be, that, when such an order disposes of the case, it should be regarded as final. (*Williams* v. *Field*, 60 Am. Dec. 433; 5 Am. & Eng. Ency. of Law, page 374).    But in other States such orders are held to be merely interlocutory. (*Eaton* v. *Varnum*, 10 Ohio St. 622; *Hottenstein* v. *Conrad*, 5 Kan. 249; *State* v. *Alabama, etc. R. R. Co.* 54 Ala. 139; *Adams* v. *Wood*, 21 Cal. 165; *Chapman* v. *Hammersley*, 4 Wend. 173, and note; *Nichols* v. *The Perry Patent Arm Co.* 3 Stockt. 126; see also, *Forgay* v. *Conrad*, 6 How. 201; Adams' Eq.—8 ed.—pages 349, 352; 2 Story's Eq. Jur. secs. 831–833).

In *Hottenstein* v. *Conrad, supra,* a motion was made to vacate the order appointing the receiver, but the motion was denied, and the order continued in force; and it was there held, that the Supreme Court had no authority to interfere.    In the case at bar, a motion was made at a subsequent term to vacate the order of appointment, and was overruled.    It is sought here to review the order overruling the motion to vacate, as well as the original order of appointment.    In this State, it has been held, that an order appointing a receiver, in a case somewhat similar to the case at bar, is a merely interlocutory order. (*Coates* v. *Cunningham*, 80 Ill. 467).    Although the case of *Coates* v. *Cunningham, supra,* was overruled in *Wincock* v. *Turpin,* 96 Ill. 135, yet it was overruled upon another

point, as will be seen by reference to the latter case, and not upon the question of the interlocutory character of the order appointing the receiver.   In the later case of *Farson* v. *Gorham,* 117 Ill. 137, we approved of the ruling in *Coates* v. *Cunningham, supra,* upon the point now under consideration, in the following words :   "In *Coates* v. *Cunningham,* 80 Ill. 467, we held that a decree appointing a receiver is interlocutory, and a writ of error will not lie to reverse a decree removing a receiver, as was done by the decree here."

The case of *Chicago Life Ins. Co.* v. *Auditor, etc.* 100 Ill. 478, does not present a state of facts similar to that which exists here.   The decree, which was there held to be final was rendered upon a hearing of proofs four years after the original order appointing the receiver in the cause had been entered; and, after declaring the preliminary injunction to be perpetual and affirming the previous appointment of the receiver, the decree in that case settles the ultimate rights of the parties.   Here, however, the order of September 7, 1893, does not settle the ultimate rights of all the parties.   The chief object of the suits in equity, authorized by section 25 of the Corporation Act, is to reach the liability of the stockholders after the exhaustion of the assets of the corporation.   The collection and disposition of those assets through the medium of a receivership must necessarily precede the final determination of the liability of the stockholders.   The suits are authorized to be brought against the stockholders "by joining the corporation in such suit."   The joining of the corporation is preliminary and subsidiary to reaching the liability of the stockholders.   The same condition precedent, which must exist to justify the suit in equity under section 25 against the corporation, must also exist to justify the suit against the stockholders.   If the suit is brought because the corporation has "ceased doing business leaving debts unpaid," such cessation of business, "leaving debts unpaid," is a matter which affects the

liability of the stockholders, and must be determined as against them, as well as against the corporation. The issue upon that question is an issue, in which the stockholders, as well as the corporation, are entitled to join.

It is not pretended, that the order appointing the receiver decides upon the liability of the stockholders; and if the order can now be reviewed upon writ of error as affecting the corporation, it may be necessary to again review it as affecting the stockholders. But this Court has often decided that a case cannot be heard here by piecemeal. (*Farson* v. *Gorham, supra*). "A cause cannot be reviewed as to one party at one time, and as to another party at another time." (*Thompson* v. *Follansbee*, 55 Ill. 427; *International Bank* v. *Jenkins*, 109 id. 219; *Hutchinson* v. *Ayres*, 117 id. 558.

While the question, whether the order here should or should not be regarded as a final order as to the matters therein found and ordered against the corporation, is not free from doubt, yet, for the reasons already stated, we are inclined to regard it as an interlocutory order under the circumstances of this case.

*Second*, if the conclusion reached as to the character of the order be incorrect, there would be no power in this court to review it as a final order, unless a franchise is involved. We are thus brought to a consideration of the second ground upon which it is urged that this Court has no jurisdiction.

Counsel for plaintiffs in error relies upon the case of *Coal and Mining Co.* v. *Edwards*, 103 Ill. 472, in support of the contention that a franchise is here involved. In that case, no one appearing for the corporation, a default was entered, and a decree *pro confesso* rendered, against it, as well as against all other defendants not answering; and the court found the allegations of the bill substantially true, and entered a *decree dissolving the corporation*, and appointed a receiver to take charge of its property. There, the prayer of the bill was, that the corporation itself be

dissolved, and the decree was to the same extent. It is true, that the bill in the case at bar not only prays for a receiver, and for a distribution of the assets, and for an account, and for a decree against the stockholders for the amounts unpaid on their capital stock, and for an injunction, etc., but also for a dissolution of the defendant corporation. But the order entered on September 7, 1893, appointing a receiver, does not decree or direct that the corporation be dissolved. If a decree dissolving a corporation under said section 25 be regarded as involving a franchise, no such decree is shown to have been entered here.

Although it is no part of the general jurisdiction of a court of chancery to decree the dissolution of a corporation by forfeiture of its franchises, yet it is within the power of the legislature to confer such jurisdiction upon a court of equity by statute. By the 25th section of the corporation Act, courts of equity in this State are given full power to dissolve a corporation for good cause shown. (*Chicago Mut. Life Indemnity Ass.* v. *Hunt,* 127 Ill. 257; *Hunt* v. *LeGrand Roller Skating Rink Co.* 143 id. 118). A creditor of a corporation may, after judgment against it and a return of execution by the sheriff unsatisfied, seek satisfaction of his judgment by creditor's bill against one or more delinquent stockholders, who will have the right, in such case, to file a cross-bill and bring the other stockholders before the court. (*Young* v. *Farwell,* 139 Ill. 326; *Palmer* v. *Woods,* 149 id. 146).

But the power to dissolve the corporation is only a portion of the relief provided for by section 25. Two remedies are therein given. One is to apply the assets in payment of the debts, and, in case of their insufficiency for that purpose, to enforce against the stockholders their liability for unpaid stock. The other is, in cases where a cause for forfeiture exists, to declare such forfeiture and decree a dissolution of the corporation. The court may grant relief by the first remedy without resorting to the

second.   It may find it unnecessary to decree a dissolution.   (*Wheeler* v. *Pullman Iron and Steel Co.* 143 Ill. 197).

In the case at bar, the order now under consideration is in line with the pursuit of the first remedy.   It appoints a receiver of "the property and assets of the Chicago Steel Works" with "the usual and customary powers of a receiver in a court of chancery," but does not proceed under the special statutory power to decree a dissolution of the corporation.   A bill in chancery may, as does the bill in this case, ask for two kinds of relief, the granting of one of which may involve a franchise, while the granting of the other does not involve a franchise.   If the decree entered grants the relief involving a franchise, it may be reviewed in this Court ; but if the decree entered grants the other species of relief prayed for, which does not involve a franchise, it is not subject to review here.

It has been held, that, where no objection is made to a decree so far as it settles the freehold, an appeal from another part of the same decree, having no relation to the question of freehold, but merely settling a matter of account, will not lie from the Circuit Court to this Court, but must be taken to the Appellate Court. (*Cheney* v. *Teese*, 113 Ill. 444).   The question of jurisdiction in such a case must be determined by the question affected by the decree. (*Walker* v. *Pritchard*, 121 Ill. 221 ; *Malaer* v. *Hudgens*, 130 id. 225 ; *Moore* v. *Williams*, 132 id. 591).   Here, the question affected by the order of September 7, 1893, is not one which, in any sense, involves a franchise, and therefore the order is not reviewable here.

The motion to dismiss the writ of error for want of jurisdiction is granted.

*Writ dismissed.*