AMERICAN BUILDING, LOAN AND INVESTMENT SOCIETY

*v.*

THE PEOPLE *ex rel.* M. T. Moloney, Attorney General.

*Filed at Ottawa May 12, 1896.*

APPEALS AND ERRORS—*appeal from interlocutory order appointing receiver—judgment of Appellate Court final.* Judgment of the Appellate Court rendered on an appeal from an interlocutory order of the circuit court appointing a receiver is final under the statute, (Laws of 1887, p. 250,) and a further appeal does not lie to the Supreme Court.

*Am. Building, etc. Society* v. *People ex rel.* 60 Ill. App. 332, dismissed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

On the 6th day of January, 1894, the Attorney General of the State filed, on the chancery side of the court below, an information in the nature of a bill in equity, in the name of the People of the State of Illinois, upon the relation of himself, as Attorney General, against the American Building, Loan and Investment Society, and certain other persons who then were, or had been, officers of the society, praying that "said defendants be restrained from disturbing and paying out any of the funds or assets of said society, or in any manner parting with or disposing of or encumbering the same, and that a receiver

be appointed by the court for said society, to take possession of all moneys, securities, books, papers and assets of said society, and to collect all the moneys, property and things of value due to it, and that said society and its officers, and all persons indebted to or having property belonging to it, be ordered to pay and deliver the same to said receiver, and that upon the final hearing all such restraining orders be made perpetual and said society dissolved and its franchises forfeited, and the moneys and assets of said society distributed in accordance with law, and for general relief."

On the same day, January 6, 1894, the following order was entered: "Upon motion this day made unto this court by the Attorney General of Illinois, and upon reading the information in the nature of a bill in chancery by him filed, it is ordered that William K. Sullivan be appointed receiver of all the estate, real, personal and mixed, of all choses in action, claims and demands, of every nature and description, belonging to, in the possession of or hereafter to come into the possession of, or hereafter to be acquired, owned or possessed by said defendant corporation, with all the powers incident and pertaining to a receivership in chancery, upon giving a bond in the sum of $100,000, with sureties to be approved by the clerk of this court, and that the defendant do deliver unto such receiver all books of account, securities, evidences of indebtedness, and effects of every nature, belonging to said corporation, and that said receiver from time to time make report to the court of his proceedings in this behalf, and make and file a full and complete inventory of all the property that may come into his possession as such receiver, and that he be at liberty to apply to the court for further directions, as he may deem necessary. It is further ordered, that said receiver shall not, until the further order of this court, interfere with the possession or the control of the assets of said de-

fendant corporation now in the possession or under the control of the receiver appointed by the United States Circuit Court for the Northern District of Illinois, but that he have leave to apply, in some suitable form, to said United States Circuit Court, and ask that said assets be ordered to be turned over to him by that court."

On the 8th day of January, 1894, the society filed in the court below its special appearance and prayer for appeal to the Appellate Court from the order entered on the 6th day of January, 1894, appointing a receiver as above mentioned, and on the 9th day of January, 1894, an order was entered by the court below granting such appeal, upon the society, within twenty days, giving bond in the penalty of $250, to be approved by the clerk of the court, and by the same order the society was allowed twenty days within which to file a certificate of evidence. The bond was approved and filed the same day.

On the 12th day of January, 1894, a certificate of evidence was signed and sealed by the judge of the trial court, and filed in that court, from which it appears that the order of the 6th day of January, 1894, was entered without notice to or appearance by any of the defendants to the information, and that the only evidence introduced or heard by the court below upon the application for such order consisted of the information and the affidavit thereto attached.

Upon the appeal to the Appellate Court, that court affirmed the judgment of the circuit court. The present writ of error is sued out from this court for the purpose of reviewing such order of affirmance.

WILLIAM G. COOKE, and JAMES E. MUNROE, (MORAN, KRAUS & MAYER, of counsel,) for plaintiff in error.

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-FIELD and M. L. NEWELL, of counsel,) for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is claimed by plaintiff in error, that courts of equity have no jurisdiction to decree the dissolution of a corporation, at the suit of the State or the Attorney General, except as such jurisdiction is given by statute; that the act, defining the duties of the Attorney General, confers upon him no power to bring an information or bill in equity to dissolve a corporation; that the Attorney General has no common law power to file an information or bill in equity to dissolve a corporation, his common law power being confined to proceedings upon the law side of the court by *scire facias* or *quo warranto*, and to filing informations in equity to abate nuisances or purprestures; that section 25 of the general Corporation law confers no power upon the Attorney General to bring an information or bill in equity to dissolve a corporation; that, if the Attorney General had power to file the information in this case, it is conferred solely by section 17 of the act of June 19, 1893, entitled, "An act to amend sections 3, 15, 16 and 17 of an act entitled 'An act to enable associations of persons to become a body corporate, to raise funds to be loaned only among members of such associations,' in force July 1, 1879, and as amended by an act approved June 17, 1887, in force July 1, 1887, and as further amended by an act approved June 19, 1891, in force July 1, 1891;" (Laws of 1893, p. 83); that the proceedings, securing the appointment of the receiver in this case, were not justified by section 17 of said act, and were not conducted in the manner provided by that section, but in disregard and violation of every requirement of that section.

Whatever views we might be inclined to entertain upon the questions thus suggested, and which are ably discussed by counsel, we do not think that we are authorized to give them any consideration upon the record presented to us in this case. It is manifest from reading

the prayer of the information, and the order made in pursuance thereof appointing a receiver, that such order was merely interlocutory. (*Chicago Steel Works* v. *Illinois Steel Co.* 153 Ill. 9). ˉWhether it be within the contemplation of said section 17, that the decree of dissolution of the society should be entered before the appointment of the receiver, or not, it is quite clear, that the information here was framed upon the theory of the entry of a final decree after the receiver should have been appointed. The order, appointing him, being thus entered in advance of the final hearing, was nothing else than an order of a merely interlocutory character. The appeal from it was taken to the Appellate Court by the present plaintiff in error under the act of 1887, providing for "appeals from interlocutory orders granting injunctions or appointing receivers." (Laws of 1887, p. 250). Without the act of 1887, there could be no appeal from an order appointing a receiver, because, as a general thing, such an order is not a final decree. (*Chicago Steel Works* v. *Illinois Steel Co. supra.*)

The appeal, then, being taken under the act of 1887, its disposition must be governed by the provisions of that act. The act of 1887 provides, that, "upon such appeal the Appellate Court may affirm, modify or reverse such interlocutory order or decree," etc., and that "no appeal shall lie or writ of. error be prosecuted from the order entered by said Appellate Court on any such appeal." (3 Starr & Cur. Stat. p. 999).

In the case at bar, the Appellate Court has affirmed the interlocutory order, appointing the receiver. The attempt is here made to prosecute a writ of error from the order of affirmance so entered by the Appellate Court. The prosecution of the writ is expressly forbidden by the statute. It follows, that the present writ of error must be dismissed. It dismissal is accordingly hereby ordered.    *Writ dismissed.*