### Garrie S. French, Receiver, v. Genoa Junction Ice Co.

1. APPEALS—*What is Not a Final Order.*—An order directing a receiver to turn over money collected by him with leave to apply to court for the payment of his charges, and to have the same taxed as costs against the complainant, is not a final determination of his rights and is not appealable.

Appeal, from an order of the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Dismissed. Opinion filed May 2, 1899.

S. A. FRENCH, attorney for appellant.

LOUIS J. PIERSON, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal by Garrie S. French, receiver, from an

French v. Genoa Junction Ice Co.

order of the Circuit Court, disallowing his claim for compensation for services as receiver and disbursements for attorneys' and solicitors' fees, which he seeks to have paid out of funds of the defendant corporation in his hands as such receiver. The order directs him to turn over to the appellee money collected by him as receiver, and gives him leave to apply to the court for the payment of his charges by, and to have the same taxed as costs against, the complainant. It also requires the filing of a bond by the treasurer of appellee, with good and sufficient surety, upon the approval of which the receiver is to pay over the said funds in his hands. From this order the receiver appeals.

It appears that there had been a previous order directing the receiver to turn over to the appellee all the assets of the latter in his hands, which reserved the question of his compensation as receiver for further consideration. The abstract filed by appellant is defective in not supplying the dates of these orders respectively, but they appear from their contents and from an additional abstract filed by appellee, to have been entered in the order named.

A motion made to dismiss this appeal was reserved to the hearing. It is based upon the contention that the order appealed from is not final.

The order of December 20th, which, as appears from appellee's additional abstract, is the date of the order appealed from, refuses the receiver's claim for compensation only as against the funds of the defendant corporation in his hands. It does not finally dispose of his claim for compensation, but gives him leave to apply for payment of his charges by the complainant, to be taxed against the latter as costs. If this should be done and the claim allowed, and then collected by execution or otherwise, the receiver would have no cause to complain. He could not properly object, because the money comes from the complainant instead of the defendant. It can not be assumed that a judgment against the complainant in the receiver's favor would not be paid or could not be collected. It is clear that the order appealed from is not a final judgment, order or decree

against the appellant, within the meaning of section 68 of the practice act. Moreover, the order complained of required from appellee a bond, and the money held by the receiver is to be paid over to the defendant company only upon the approval of such bond. The abstract does not state the condition of the bond. It is subject to approval by the court, and may be conditioned to require the payment of such sum, if any, as by final decree the court may award out of the assets in question to apply on receiver's charges.

The order appealed from refuses, for the time being, to allow the receiver's claim for compensation. The fact that a bond is required of appellee as a condition of receiving the funds, indicates that the question of allowance may be still left open.

In Farson v. Gorham, 117 Ill. 137, 140, it is said:

"In Coates v. Cunningham, 60 Ill. 467, we held that a decree appointing a receiver is interlocutory, and a writ of error will not lie to reverse a decree removing a receiver, as was done by the decree here. It is true the decree or order entered in this case gave the defendant in error the possession of the property, but that can not in any manner impair the rights of the complainant, as the defendant in error was required to give bond and security, and all moneys which may come into his hands under the order will be subject to the final decree which the court may ultimately render in the cause."

The question of the receiver's right to compensation out of the property in his hands, and of the right of the defendant to receive back its own without diminution for receiver's costs and charges, as having been wrongfully taken, is argued at some length. But these questions we are not at liberty now to consider. It is manifest that the order appealed from is not a final determination of the receiver's rights, and is not appealable. Lacey v. Baker, 5 Ill. App. 426.

The appeal, therefore, will be dismissed.