### James Fitzsimmons and Joseph C. Fitzsimmons v. Edna M. Giddings.

1. APPEALS—*Do Not Lie from Orders Discharging Bail and Quashing a Capias.*—An appeal does not lie from an order in a civil suit discharging bail and quashing a *capias*, while the case is pending below for the trial of issues formed under the declaration, as such order is not final.

Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1900. Appeal dismissed. Opinion filed June 8, 1900.

C. P. BARNES, attorney for appellants.

J. F. CASEY and D. T. SMILEY, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

James and Joseph C. Fitzsimmons being about to begin an action of assumpsit against Edna M. Giddings, filed an affidavit for a *capias* against her, and procured an order therefor. *Capias* was issued and defendant was arrested, and afterward was released on bail. Thereafter plaintiffs filed a declaration in said cause, to which defendant pleaded

the general issue, and plaintiffs added the *similiter*. On the same day that the defendant filed the general issue to the declaration she also filed a plea traversing the averments of the affidavit for a *capias*. Afterward she obtained leave to withdraw this last named plea, and then moved to quash the affidavit and writ for alleged insufficiency of the affidavit. This motion was heard, the affidavit was quashed, appellee's bail was discharged, the writ was quashed as to the arrest of defendant, and it was ordered to stand as a summons. From these orders plaintiffs prayed and were granted this appeal.

Appeals only lie from final orders, judgments and decrees, except in cases specially provided for by statute. So far as the record before us discloses, no final judgment has been entered in this cause in the court below. It appears to be still pending there for trial upon the issues formed upon the declaration. If upon the trial of that issue it shall be determined that plaintiffs have no cause of action, the supposed errors here discussed will become immaterial. "The case can not be heard by piecemeal." Farson v. Gorham, 117 Ill. 137.

The appeal is dismissed.