## Mary L. Steward, Admx., v. Seth Parsons, et al.

### Gen. No. 4,259.

1. APPEAL—*when, does not lie.* An appeal does not lie from an order refusing to dismiss a suit.

2. APPEAL—*when right of, exists.* The right of appeal can only be exercised when conferred by statute.

3. WRIT OF ERROR—*when, lies.* While a writ of error is a writ of right, it only lies to review final judgments, orders and decrees, unless otherwise provided by statute.

4. WRIT OF ERROR—*when, does not lie.* A writ of error does not lie from an order refusing to dismiss a suit.

Proceeding for accounting. Error to the Circuit Court of Kendall County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1903. Dismissed. Opinion filed March 14, 1904.

CHARLES WHEATON, for plaintiff in error.

ALDRICH & WORCESTER, for defendants in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Seth Parsons and Robert Finley filed a bill in the court

below against Lewis Steward for an accounting concerning
the business of the partnership formerly existing between
them.    Steward answered, admitting the partnership, deny-
ing certain other allegations of the bill, and averring he
desired and had repeatedly applied to complainants for a
settlement of the partnership affairs.    Each pleading
asserted a final accounting would show a large balance
against the opposite party.    There was a reference to take
and report proofs, etc., and to state the account.    There-
after, on April 7, 1897, on motion the suit was dismissed at
the costs of complainants, with an order for execution for
the costs, and with leave to reinstate the suit on or before
the first day of the next term for good cause shown.    It
was afterwards made to appear that that order was entered
on the motion of the solicitor for defendant; that Lewis
Steward, the sole defendant, was then dead; and that
though one solicitor, whose name appeared of record for
complainants, was present, he was not in fact at that time
solicitor for complainants and did not claim to be; and that
complainants and the only solicitor then in their employ,
and whose name appeared of record, were not then present,
and that they did not learn of the dismissal of the suit till
after the time limited within which the order provided it
might be reinstated.    Subsequently, complainants obtained
an order reinstating the cause.    They suggested the death
of Lewis Steward, and on their motion Mary L. Steward,
administratrix of the estate of Lewis Steward, deceased,
was made a party defendant, and she was brought in by
summons.    She entered a special appearance and moved to
dismiss the bill for want of jurisdiction.    That motion was
heard and denied.    She prayed an appeal, and that was de-
nied.    She filed a certificate of the evidence heard both upon
complainants' motion to reinstate and upon her motion to
dismiss.    She has now sued out a writ of error, and upon
this record assigns for error the action of the court in rein-
stating the cause, in ordering summons for the administra-
trix, in overruling her motion to dismiss, and in denying
her an appeal from that order.    Upon the merits the ma-

terial question is whether the court had power to take any action after the death of the sole defendant and before another defendant was in court, except to substitute and bring in as defendant the proper party succeeding to the interest of the deceased defendant. It would seem that if the action of the court in dismissing the bill and awarding execution for costs when the sole defendant was dead and no one had been substituted as defendant, was void, then the court properly disregarded that void action, while if the order of dismissal was merely erroneous it could not be corrected by the same court at a later term. But defendant in error has moved to dismiss the writ of error upon the ground that it has been prematurely sued out, and that motion, taken with the case, must first be decided.

Sections 67, 70 and 88 of the Practice Act and section 8 of the Appellate Court Act allow appeals and writs of error only in cases of final judgments, orders and decrees. The act of June 14, 1887, allows appeals from certain interlocutory orders relating to injunctions and receivers, but we have no statute allowing an appeal from an order refusing to dismiss a suit, and the right of appeal can be exercised only when conferred by statute. Hawkins v. Burwell, 191 Ill. 389. While a writ of error is a writ of right, it only lies to review final judgments, orders and decrees, unless otherwise provided by statute. Coates v. Cunningham, 80 Ill. 467, and cases there cited; Farson v. Gorham, 117 Ill. 137; McMahon v. Quinn, 140 Ill. 199; Chicago Steel Works v. Illinois Steel Co., 153 Ill. 9; Adamski v. Wieczorek, 170 Ill. 373; Brodhead v. Minges, 198 Ill. 513. In Keel v. Bentley, 15 Ill. 228, the rule is thus stated : "An appeal or writ of error does not lie from an interlocutory decree or judgment. There must be a final decision of a case before it can be removed into this court * * * such a decision as settles the rights of the parties in respect to the subject-matter of the suit, and concludes them until it is reversed or set aside." In this case, if the Circuit Court had granted the motion of the administratrix to dismiss the suit, that order would have been a final disposition of the cause, and

an appeal or writ of error would lie; and Pease v. Roberts,
9 Ill. App. 132, upon which plaintiff in error relies, would
be in point.   But here the administratrix was summoned
into court as defendant to a bill in equity, and the Circuit
Court has refused to dismiss the bill and has retained juris-
diction of the case.   In Walker v. Oliver, 63 Ill. 199, a writ
of error was sued out to review an order setting aside a
judgment rendered at a former term.   The Supreme Court
held the writ did not lie from that interlocutory order, but
that after the cause was again tried and brought to final
judgment, plaintiff could then upon appeal or writ of error
assign for error the action of the court in setting aside the
judgment after the term at which it was rendered.   People
v. Neal, 3 Ill. App. 181; Sweet v. Merki, 27 Ill. App. 245;
Roseland Mfg. Co. v. Arcan, 55 Ill. App. 336.   If, as alleged,
the courts of other states hold that an appeal or writ of
error will lie from an order refusing to dismiss a suit for
want of jurisdiction, such authorities are not in harmony
with the rule which has always prevailed here.   We have
not thought it necessary to cite the many cases in which
our Supreme Court has said a case cannot be brought by
piecemeal to the courts of review of this state.

Plaintiff in error urges that she ought not to be put to
the expense and trouble of defending this cause when in
the end it must be held that the order reinstating the cause
was void and all subsequent proceedings in the Circuit Court
are without jurisdiction.   That argument should be ad-
dressed to the legislature, which has power to permit the
review of interlocutory orders, rather than to the courts,
which are restrained within the limits fixed by the present
statutes.   Moreover, plaintiff in error may obtain a decree
that complainants are indebted to the estate of Lewis Stew-
ard, deceased, upon a final settlement of the partnership
accounts, and in that event she will have no occasion to
complain.   It is manifest that if the law were as plaintiff
in error contends, every defendant who desires delay could
effectually procure that result by questioning the jurisdic-
tion of the court, and when defeated on that point, remov-

ing the cause at once to a reviewing court. That course would produce great delays and expense, and would often require two appeals or writs of error to reach a decision on the merits. The policy of the procedure in this state is that there shall be but one appeal or writ of error, and that that shall be taken only after a final decision in the trial court.

The writ of error is dismissed.

*Writ of error dismissed.*