CLAUS GREVE *et al.*

*v.*

FRANK GOODSON *et al.*

*Filed at Springfield June 17, 1892.*

APPEAL—*from orders made in vacation.* The right of appeal is purely a statutory one, and there is no provision of the statute allowing appeals from the orders of circuit judges granting or dissolving injunctions in vacation. The orders, in such cases, are not the judgments or decrees of a court, but only the orders of an officer of a court, made by virtue of a statute conferring certain powers upon judges of circuit courts to be exercised by them in vacation. The fact that the only relief sought is an injunction, gives no additional right to an appeal when the order is made in vacation.

APPEAL from the Circuit Court of Douglas county; the Hon. E. P. VAIL, Judge, presiding.

Messrs. CRAIG & CRAIG, for the appellants.

Messrs. ECKART & MOORE, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from an order made by the Hon. E. P. Vail, one of the judges of the fourth judicial circuit, at his chambers, in vacation, after the October term of the circuit court of Douglas county, dissolving a temporary injunction theretofore issued, on a bill filed in said circuit court by appellants, against appellees.

It is insisted by appellees that the appeal was improperly allowed and should be dismissed. The position is well taken. The right of appeal is purely a statutory one, and there is no provision of our statute allowing appeals from the orders of circuit judges granting or dissolving injunctions in vacation. The order, in such case, is not the judgment or decree of a court, but only the order of an officer of a court made by virtue of a statute conferring certain powers upon judges of

circuit courts in vacation. (Rev. Stat. sec. 32, chap. 37; 1 Starr & Curtis, p. 710.) By section 1 of the chapter entitled "Injunctions," a judge of the circuit court may order an injunction to issue in vacation, but no one would think of taking an appeal from an order of that kind, much less from a refusal to grant the writ; and yet there is as much authority of law for an appeal in such cases as in the present one. The fact that the only relief sought by the bill is an injunction gives no additional right to an appeal, when the order of dissolution is made in vacation. The order, as before said, is not the order of a court. It is not a final order in the case from which an appeal will lie, because the judge in vacation has no power to make such an order. The bill remains pending in the court as before the order was made, and may be acted upon, in term time, precisely as though the temporary injunction had not been dissolved. It may be dismissed at complainant's costs, and damages for the wrongful suing out of the writ assessed, or, for good cause shown, the injunction may be revived. High on Injunctions, sec. 41.

The cases cited by appellants' counsel are to the effect that if the order in this case had been made in term time an appeal would lie. No fault is found with those decisions, but they have no application here. What is here said is in harmony with the ruling in *Lucan et al.* v. *Cadwallader et al.* 114 Ill. 285.

It was at one time thought, without having carefully examined the act approved June 14, 1887, entitled "An act to provide for appeals from interlocutory orders granting injunctions or appointing receivers," that it might, by construction, authorize this appeal. That, however, was a misapprehension, and that act is not now relied upon, in the argument of counsel for appellants, as in any way authorizing the granting of the appeal in this case.

The appeal will be dismissed at the costs of the appellants.
                                        *Appeal dismissed.*