G. R. HAWKINS *et al.*

*v.*

ANDA F. BURWELL.

*Opinion filed June 19, 1901—Rehearing denied October 10, 1901.*

APPEALS AND ERRORS—*no appeal lies from order refusing to dissolve injunction in vacation.* No appeal lies from an order of a circuit judge granting or refusing to dissolve an injunction in vacation, since the act of June 14, 1887, allowing appeals from interlocutory orders, applies only to orders entered in term time.

*Burwell* v. *Hawkins,* 92 Ill. App. 459, reversed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

J. E. JENNINGS, and FRANK SPITLER, for plaintiffs in error.

R. M. PEADRO, and M. A. MATTOX, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

On June 18, 1900, in vacation, Hon. W. G. Cochran, one of the judges of the sixth circuit, upon the application of the plaintiffs in error, in a cause in chancery then pending in the circuit court of Moultrie county, made an order for a preliminary injunction restraining defendant in error from sitting in the city council of the city of Sullivan as a member thereof, and from acting as an

alderman of the third ward of said city, and from voting as a member of said council, and from taking any part in the proceedings of the council or standing committees thereof, until the further order of the court. On September 7, 1900, in vacation, said judge overruled the motion of the defendant in error to dissolve said injunction. To reverse the orders granting said injunction and refusing to dissolve the same the defendant in error prosecuted an appeal to the Appellate Court for the Third District, which court, after overruling a motion to dismiss said appeal for want of jurisdiction, reversed said cause without remanding the same, from which judgment of reversal the plaintiffs in error have prosecuted this writ of error,

The Appellate Court erred in overruling the motion of plaintiffs in error to dismiss said appeal. The right of appeal can be exercised only when conferred by statute, and there is no statute in force in this State allowing appeals from the orders of circuit judges granting or refusing to dissolve injunctions in vacation. In *Greve* v. *Goodson,* 142 Ill. 355, we say: "The right of appeal is purely a statutory one, and there is no provision of our statute allowing appeals from the orders of circuit judges granting or dissolving injunctions in vacation. The order, in such case, is not the judgment or decree of a court, but only the order of an officer of a court made by virtue of a statute conferring certain powers upon judges of circuit courts in vacation." The act of June 14, 1887, allowing appeals from interlocutory orders, applies only to orders entered in term time, and not to orders entered in vacation.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to dismiss the appeal.

*Reversed and remanded, with directions.*