PUBLIC UTILITIES COMMISSION *v.* THE RHODE ISLAND CO.

(Appeal of the town of West Warwick.)
(Appeal of the city of Cranston.)
(Appeal of the town of Cumberland.)
(Appeal of the town of Warwick.)
(Appeal of the town of Johnston.)
(Appeal of the town of Burrillville.)
(Appeal of the town of East Greenwich.)
(Appeal of the city of Pawtucket.)
(Appeal of the town of North Providence.)

OCTOBER 20, 1919.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Public Utilities Commission.   Order of Single Justice.   Notice.   Constitutional Law.*

The provisions of Section 35 of the Public Utilities Act giving to a single justice of the Supreme Court, when the court is not in session, jurisdiction to suspend the usual operation of an appeal is not in violation of Article XII, Section 1 of Amendments to the Constitution, such jurisdiction being interlocutory in its nature and not derived primarily from the constitution but conferred in accordance with constitutional provisions by the General Assembly.

*(2)   Public Utilities Commission.   Order of Single Justice.   Notice.*

A reasonable construction of Public Utilities Act, Section 35, authorizing a single justice of the Supreme Court when the court is not in session to order that an appeal from an order of the Public Utilities Commission shall not operate as a stay of the order appealed from, ''if in the opinion of such . . . justice, the appeal is brought for purposes of delay, or if justice, equity or public safety shall so require,'' requires an appellee desiring a suspension of the ordinary effect of an appeal, to set out the grounds on which it bases its prayer for relief, and it would become the duty of the justice to set down the matter for speedy hearing with notice to the appellant, unless the case were one where in the opinion of the justice, public safety or danger of irreparable injury required an immediate suspension of the effect of the appeal, until the parties could be heard on the question of permanent suspension.

*(3)   Public Utilities Commission.   Order of Single Justice.   Notice.*

Where without notice to appellant, an order was entered by a single justice of the Supreme Court, under provisions of Public Utilities Act, Section 35,

granting suspension of the effect of an appeal from an order of the Public Utilities Commission to continue until determination of the appeal, the order will be vacated so far as it grants a permanent suspension, but as the justice had general jurisdiction over the application, the order although made without notice will be treated as valid until set aside.

APPEALS from an order of Public Utilities Commission. Heard on motions of appellants to vacate orders entered by a single justice.

SWEETLAND, J.   These matters are before the court upon the motions of the respective appellants asking the court to vacate the orders entered by a single justice when the court was not in session.

It appears that the Rhode Island Company by its receivers filed with the Public Utilities Commission a proposed schedule of increased passenger rates upon its railroad lines and its petition that said schedule be approved by the commission; that after hearing, said commission on September 23, 1919, did by its order grant the petition of the Rhode Island Company for an increase of its rates; that the above-named appellants duly appealed to this court from said order of the Public Utilities Commission on the ground that said order was unreasonable, unjust and discriminatory against said appellant municipalities and the residents thereof.

It is provided by the Public Utilities Act, Section 35, that an appeal from the order of the Public Utilities Commission "shall act as a stay of the order appealed from." The normal effect therefore of the above-named appeals was to stay the order of said commission entered on September 23, 1919, and to continue in operation the rates of passenger fare in effect just before the entry of said order. Said Section 35, however, further provides as follows: "*Provided*, that the court, or if the court is not in session, any justice of such court, may at any time order that such appeal shall not so operate if, in the opinion of such court, or justice, the appeal is brought for purposes of delay, or if justice,

equity or public safety shall so require." Relying upon the last quoted provision of the Public Utilities Act said Rhode Island Company, through its receivers, in the case of each of said appeals presented to a single justice of this court, when the court was not in session, a motion asking that said appeal should not operate as a stay of the order of the Public Utilities Commission. Upon each of said motions said justice, without notice to the appellant and without giving to said appellant an opportunity to be heard thereon, granted said motion and entered his order that said appeal should not operate as a stay of the order of the commission. In neither of said motions does the Rhode Island Company set out on which of the grounds, enumerated in the last quoted provision of the Public Utilities Act, its motion is based and in neither of his orders does said justice state the ground upon which said motion is granted.

The above-named appellants are before us asking that the several orders of said justice entered as aforesaid should be vacated. Each of said motions to vacate is urged upon two general grounds, as follows: first, because the provision of the Public Utilities Act which purports to give to a single justice of this court jurisdiction to order that an appeal from an order of the Public Utilities Commission shall not operate as a stay is unconstitutional, in that it is repugnant to Article XII, Section 1 of Amendments to the Constitution of this State; which section, among other things, provides that a majority of the judges of the Supreme Court shall always be necessary to constitute a quorum; second, because the orders of said justice were entered without notice, and, in disregard of law, deprived these appellants, without hearing, of valuable rights given them under said act.

(1) As to the first of these grounds the argument of the appellants is not without force. We are of the opinion, however, that the provisions of the act giving to a single justice, when the court is not in session, jurisdiction to suspend the usual operation of an appeal should not be held to be in violation of the constitutional provision referred to above. Any

statute which purports to delegate to a single justice the power to exercise the functions of this court would be unconstitutional. The jurisdiction finally to review the determination of the Public Utilities Commission or that of any other inferior court or commission, upon questions of law and equity, cannot constitutionally be given to any tribunal other than this court, which must act through a majority of its justices. The statutory provision in question couples jurisdiction given to this court with that given to a single justice if the court is not in session, but in our opinion none of the exclusive constitutional functions of this court has thereby been conferred upon such justice.

In considering the question before us the general rule of construction frequently recognized by this court should be applied; and a reasonable presumption should be indulged in favor of the constitutionality of the statutory provision. We are of the opinion that upon a reasonable construction of said provision it should be held that the power to suspend the stay of the Commission's order, which is worked by an appeal, although judicial and although it has been given to this court, is interlocutory in its nature, and is an instance of the sort of jurisdiction which this court does not derive primarily from the constitution but which in accordance with the constitution may from time to time be conferred upon it by the General Assembly. Jurisdiction of the latter kind may be given to this court and to some other tribunal to be exercised concurrently. In providing for the oversight and control of certain public utilities by the Public Utilities Commission the General Assembly has prescribed a procedure for the review of the determinations of said Commission by the method of appeal. The power to finally review the findings of the commission has been given to this court, where the constitution requires that final review shall be placed as to all questions of law and equity. As a part of the scheme of appellate proceedings the General Assembly has prescribed that an appeal shall stay the order appealed from. When, however, the circumstances enum-

erated in the above quoted proviso exist the General Assembly did not intend that the appeal should act as a stay. There is no constitutional bar which would prevent the General Assembly from placing the determination of whether said enumerated circumstances do or do not exist in any tribunal which it saw fit. It did give to this court power to make that determination; and it was within the legislative authority to confer concurrent jurisdiction to pass upon that question upon a single justice of this court when the court is not in session.

(2) We will now consider the second ground of the appellant's motion to vacate the orders of said justice. The order of the Commission if allowed to go into effect increased the rates of fare upon the street railway system in each of the municipalities here represented. The appeals of these municipalities under the statute automatically stayed the operation of the Commission's order and held the rates of fare as they existed just before the entry of such order. It is clearly the intent of the act that ordinarily this status, resulting from an appeal, shall be maintained until there can be a hearing upon the appeal and a determination thereof. The right thus to have the old rate of fare continued pending the appeal constituted a valuable interest in the appellant municipality. Under the statute that interest cannot be disturbed unless it is made to appear to this court or to a single justice thereof, when the court is not in session, either that the appeal was brought for the purpose of delay or that justice, equity or public safety require that said interest should be disturbed and the order of the Commission permitted to have effect pending the appeal.

It is the ordinary rule of procedure founded in natural justice that courts will not take action affecting the interest of a party or depriving him of a right without giving him notice and an opportunity to be heard in opposition to such action. There is nothing appearing in said statute or in the circumstances surrounding this matter which require that the ordinary rule shall not be observed.

In our opinion a reasonable construction of the statute requires that if an appellee, in this case the Rhode Island Company, desires a suspension of the ordinary effect of an appeal for either of the reasons enumerated in said section such appellee should apply to this court, or, if the court is not in session, to some justice thereof; and in its application such appellee should set out upon which one or more of said grounds it bases its prayer for relief. It would then become the duty of this court, or of such justice, to set down the matter for speedy hearing with notice to the appellant. At said hearing it would become the duty of such appellee to satisfy the court or justice respectively that it was entitled to the relief sought; and an opportunity should be given to the appellant to be heard in opposition. We can conceive that a situation may possibly arise in which public safety or the danger of irreparable injury may in the opinion of the court or justice require that there should be an immediate suspension of the effect of an appeal until the parties could be heard upon the question of a permanent suspension pending the appeal. In that case we think it would be within the power of this court or of said justice to make a temporary order of suspension until there could be notice to the appellant and a hearing of the parties. In the matter now under consideration the order of said justice indicates that the suspension granted was not intended to be a temporary one but was to continue until the determination of the appeal.

The control of the Public Utilities Commission over public utilities is extensive. The orders of said Commission may affect the rights of public utilities, municipalities and the public in a great variety of ways. It is not the intent of the statute that suspension of the effect of an appeal should be granted as a matter of course. We can well believe that if upon some application to regulate the rates of this appellee, the Rhode Island Company, said Commission should order a reduction of the rates of said company, and said company should feel obliged to appeal from said order on the grounds (3) that it was unreasonable, unjust and confiscatory, said company would complain, and with reason, that it had been

treated unjustly, if this court, without giving to it a hearing, should suspend the effect of its appeal and continue in force the alleged unreasonable and confiscatory order of said Commission. It developed at the hearing before us on the motions to vacate, that these appellant municipalities have bona fide objections which they desire to urge in opposition to the claim that their appeals were brought for the purposes of delay or that justice, equity or public safety require that the effect of their appeals should be suspended.

We are of the opinion that justice requires that the orders in question should be vacated in so far as they purport to grant a permanent suspension of the effect of these appeals.

As said justice had general jurisdiction over the applications of the appellee, we must hold, in accordance with well recognized principles, that while the orders of said justice were erroneous, because they were made without notice, they nevertheless are to be treated as valid until they are set aside; and the collection of fare by the Rhode Island Company in accordance with said orders has not been and is not illegal or void.

We cannot be unmindful of the confusion and the possible misunderstanding and conflict between the passengers and the servants of the Rhode Island Company which are likely to arise over its extensive system if the rates of fare are changed back and forth without ample notice to the company and to the public. After careful consideration we have decided that the best way to deal with this situation is to treat the orders of said justice as having a temporary effect until the parties can be heard, and to set down the applications of the Rhode Island Company for speedy hearing. We therefore set down said applications for hearing before us on Wednesday, October 22, 1919, at 10 o'clock a. m., at which time the Rhode Island Company must be prepared to proceed unless the appellants consent to a continuance. Notice of the entry of this order shall operate as notice to said appellants to come in and be heard upon said applications.

Herbert A. Rice, Attorney General, for Public Utilities Commission.

Clifford Whipple, G. Frederick Frost, for Rhode Island Company.

Frank H. Wildes, for City of Cranston.

Patrick E. Dillon, for Town of Cumberland.

John F. Murphy, for Town of West Warwick.

Harold R. Curtis, for Town of Warwick.

James E. Dooley, for Town of Johnston.

John J. Lace, Jr., for Town of Burrillville.

Alfred G. Chaffee, for Town of East Greenwich.

James F. Connolly, for City of Pawtucket

Arthur Cushing, for Town of North Providence.