· PUBLIC UTILITIES COMMISSION *vs.* THE RHODE ISLAND CO.

(Appeal of the town of West Warwick.)
(Appeal of the city of Cranston.)
(Appeal of the town of Cumberland.)
(Appeal of the town of Warwick.)
(Appeal of the town of Johnston.)
(Appeal of the town of Burrillville.)
(Appeal of the town of East Greenwich.)
(Appeal of the city of Pawtucket.)
(Appeal of the town of North Providence.)

NOVEMBER 14, 1919.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Public Utilities Commission.   Appeals.*

Upon hearing by full court, after notice to parties, of the motions of respondent street railway, that appeals from the order of the Public Utilities Commission should not operate as a stay of said order.

*Held,* that the objections to the order could only be determined upon hearing upon the merits of the appeals, and in the meantime none of such appeals should operate as a stay.

Vincent, J.   Dissents.

Appeal from order of Public Utilities Commission. Heard on motion of Public Utility that none of the appeals should operate as a stay of the order and granted.

Rathbun, J.   Heard on motion of the Rhode Island Company that the above appeals from an order of the Public Utilities Commission do not operate as a stay of said order.

On August 8, 1919, the Rhode Island Company by its receivers filed with the Public Utilities Commission a petition praying that an order be made modifying, in accordance with the plans set forth in said petition, the tariff rates then applying to said company.

After an extended hearing, at which all parties interested were heard, said Commission on September 23, 1919, entered an order that the Rhode Island Company file with the Public Utilities Commission, tariff schedules, in accordance with a plan marked B, in modification of the tariff rates then in effect; "said tariffs to become effective upon three day's notice to the public and Commission; that said tariffs so made effective shall be and remain effective during the continuance of the receivership of said company and until otherwise ordered by the Commission." Said order increased the rates which said company was authorized to charge and each of the above appellants duly appealed from said order to this court.

Section 35 of Chapter 795 of the Public Laws provides: that every such appeal shall act as a stay of the order appealed from: "*Provided,* that the court, or if the court is not in session, any justice of such court, may at any time order that such appeal shall not so operate if, in the opinion of such court, or justice, the appeal is brought for purposes of delay, or if justice, equity or public safety shall so require." Each of the above appeals was taken at a time

when this court was not in session and in connection with each appeal a separate order was entered by a single justice providing that such appeal shall not operate as a stay of said order of said Commission. The full court, in an opinion filed October 20, 1919, held that the orders entered by a single justice operated only as a temporary stay of said order of said Commission and the motions of said company that said appeals should not operate as a stay of said order of said Commission were heard, after notice to parties, *de nova* by the full court. At this hearing all parties were represented and heard. The transcript of evidence taken by the Commission and the report of the Commission were before the court. It appeared that a strike of the employees of the Rhode Island Company on July 19, 1919, for increased wages and improved working conditions resulted in a cessation of service until August 6, 1919, on which date the strike was settled. According to the report of the Commission the strike caused a net loss to the company of $142,000; and the settlement agreement increased the annual wage charge $663,900. It appeared that before the Commission entered said order increasing the rate of fares the necessary operating expenses of said company were greatly in excess of its receipts. It is manifest that receivers cannot long operate a railroad without funds.

The appellants objected to the granting of said motions and argued that the order increasing the rate of fares was unjust and discriminatory against the patrons of certain communities and that the Commission granted a greater increase in fares than was necessary.

As this court said in *Public Utilities Commission* v. *Rhode Island Company*, 42 R. I. 379: "The force of these objections can only be determined by this court after a hearing upon the merits of the appeals. In the meantime it is essential to the welfare and safety of the various communities served by said company that there should be no interruption of that service." The Commission did not attempt to raise the fares so that a fair return, or any return, be

given to the capital invested in said company.  It was dealing with an emergency.

We order that none of said appeals shall operate as a stay of said order of said Commission.

VINCENT, J.  I believe that justice, equity and a due regard for public safety demands that these appeals should not be permitted to operate as a stay of the order of the Commission authorizing the Rhode Island Company to increase its rates to meet its operating expenses.  I am however clearly of the opinion that the hearing before this court on Wednesday, October 22, 1919, was not only unnecessary and unwarranted but that the court was without jurisdiction to determine the matter which had already been determined by a single justice under the special powers conferred upon him by statute.

By Section 35 of Chapter 795 of the Public Laws, being the act creating the Public Utilities Commission, it is provided that, "Every such appeal shall act as a stay of the order appealed from:  *Provided*, that the court, or if the court is not in session, any justice of such court, may at any time order that such appeal shall not so operate if, in the opinion of such court, or justice the appeal is brought for purposes of delay, or if justice, equity or public safety shall so require;  . . . ."

The Public Utilities Commission having made its order empowering the Rhode Island Company to increase its rates of fare and to put such increase into effect on a certain day and at a certain hour, various cities and towns affected by such order appealed therefrom to this court.  These appeals would operate as a stay of the order appealed from unless the court, or some justice thereof, should in the exercise of the power which the statute confers order otherwise.

In this situation the Rhode Island Company, the court not being in session and a majority of the members thereof not being available, applied to a justice thereof for an order suspending the operation of the appeals as a stay of the

order of the Commission. The justice to whom the application was made being satisfied that such order would, under the circumstances of the case, be proper caused the same to be entered.

The various respondents then moved the court to vacate the order of the single justice, made as aforesaid, on the grounds (1) that it was made *ex parte* depriving them of a hearing, (2) that neither justice, equity nor public safety required such action and (3) that the statute authorizing and empowering a single justice to act violated that part of our constitution which provides that a majority of the judges of the Supreme Court shall always be necessary to constitute a quorum.

After a preliminary hearing upon these motions, the majority of this court on October 20, 1919, rendered an opinion distinctly stating that there is no constitutional bar preventing the General Assembly from placing the determination of the questions which were submitted to the single justice in any tribunal which it saw fit and that it was within the legislative authority to confer concurrent jurisdiction to pass upon these questions upon a single justice of this court when the court is not in session.

Further on the opinion recites that it is the duty of a single justice upon applications, like those made by the Rhode Island Company, to set them down for speedy hearing, giving to the appellants notice thereof and an opportunity to be heard. The opinion however continues as follows: "We can conceive that a situation may possibly arise in which public safety or the danger of irreparable injury may in the opinion of the court or justice require that there should be an immediate suspension of the effect of an appeal until the parties could be heard upon the question of a permanent suspension pending the appeal. In that case we think it would be within the power of this court or of said justice to make a temporary order of suspension until there could be notice to the appellant and a hearing of the parties."

The opinion concludes with the statement that "justice requires that the orders in question should be vacated in so far as they purport to grant a permanent suspension of the effect of these appeals" and the appealing parties were given an opportunity to be heard before the full court on October 22, 1919, upon the question of vacating altogether the order of the single justice, at which time the Rhode Island Company was ordered to be prepared to proceed.

The second hearing thus inaugurated has been had and as a result thereof this court has reached the conclusion that the operation of the appeals should remain suspended.

It is readily apparent from the perusal of Section 35 of the Public Utilities Act, above quoted, that it was the intent of the General Assembly to give to a single justice, whenever the court was not in session, the same power to act with which it invested the full court at other times. The opinion of this court filed October 20 clearly recognizes that the jurisdiction of the single justice, when the circumstances authorize him to act, is a concurrent jurisdiction. If that be so a single justice at such times as he is authorized to act is invested with an authority equal to that which may be exercised at other times by the full court. That being the situation, the full court has no jurisdiction to take up and determine the same question. *Simpson* v. *Hart*, 1 Johnson's Chan. 91; *State* v. *Evans*, 74 N. C. 324.

Whether or not the full court may later properly hear and determine a motion for the vacation of the order based upon a change of circumstances is a question which does not arise here and need not be discussed.

The question as to the constitutionality of the statute empowering a single justice to act when the court is not in session was not raised before the single justice and he would have been powerless to act upon it if it had been presented to him. That question required the consideration and determination of the full court and has been properly dealt with.

The opinion of October 20 is based on the fact that the single justice before directing the entry of an order did not notify the appealing parties and give them an opportunity to be heard.   The statute makes no provision to that effect and evidently such notice and hearing was not contemplated by the General Assembly in the passage of the act.   In order to reach such a construction of the statute it is necessary to read into it something which it does not contain and something which it cannot be assumed the lawmaking power contemplated.   It amounts to judicial legislation.

That there may be circumstances rendering it necessary for the court, or single justice, to act immediately, the former opinion of this court recognizes.   How can the court say, even inferentially, that such a necessity did not appear to the single justice in granting the orders which he did? It was for him to judge of the emergency.   Under the act he is constituted a special tribunal and from his decision the statute fails to provide for any appeal to the full court. This court says in its opinion, before referred to, that "there is no constitutional bar which would prevent the General Assembly from placing the determination of whether said enumerated circumstances do or do not exist in any tribunal which it saw fit."   The General Assembly has seen fit to place the determination in a single justice of the Supreme Court, not acting as a Supreme Court but as a special tribunal to discharge certain duties devolving upon him under the statute.

In *Hawkins* v. *Burwell*, 191 Ill. 389, a judge of the Circuit Court, upon application of the plaintiffs in error, made an order in vacation for a preliminary injunction restraining defendant in error from sitting as a member of the city council.   Later, in vacation, the same judge overruled a motion of the defendant in error to dissolve the injunction. In its opinion the court said, "To reverse the orders granting said injunction and refusing to dissolve the same the defendant in error prosecuted an appeal to the Appellate Court,   .   .   .   which court, after overruling a motion to

dismiss said appeal for want of jurisdiction, reversed said cause without remanding the same, from which judgment of reversal the plaintiffs in error have prosecuted this writ of error.

"The Appellate Court erred in overruling the motion of plaintiffs in error to dismiss said appeal. The right of appeal can be exercised only when conferred by statute, and there is no statute in force in this state allowing appeals from the orders of circuit judges granting or refusing to dissolve injunctions in vacation."

In *Greve* v. *Goodson*, 142 Ill. 355, the court said, "The right of appeal is purely a statutory one, and there is no provision of our statute allowing appeals from the orders of circuit judges granting or dissolving injunctions in vacation. The order, in such case, is not the judgment or decree of a court, but only the order of an officer of a court made by virtue of a statute conferring certain powers upon judges of circuit courts in vacation."

In that case the court also held that the statute "allowing appeals from interlocutory orders, applies only to orders entered in term time, and not to orders entered in vacation."

*State ex rel. Bennett* v. *Barber et al.*, 4 Wyo. 56 and *Lowe* v. *Summers*, 69 Mo. App. 637 at 646, also support the jurisdiction of a single judge in vacation in matters which are interlocutory and do not involve the merits of the controversy.

If it be assumed that the General Assembly intended to confer the powers of the Supreme Court upon a single justice to hear and determine the issues raised a serious constitutional question would arise.

The court in its opinion already referred to says that "the best way to deal with this situation is to treat the orders of said justice as having a temporary effect until the parties can be heard, and to set down the applications of the Rhode Island Company for speedy hearing." The statute before referred to gives no authority for any such thing. The orders of the single justice were temporary in the first place. They

were only effective until such time as the matter could be heard by the full court on its merits. The decision of the court now, upon this particular branch of the matter, is to make the orders of the single justice "temporary temporary" orders, something rare in legal proceedings, and something which it is safe to say is neither provided for in nor contemplated by the statute.

In considering the question of notice and hearing the impracticability of such a course in the present case becomes obvious. Under the order of the Utilities Commission the Rhode Island Company was empowered to put into effect its new schedule of rates at twelve o'clock Sunday night. Late in the afternoon of the Friday preceding, the first appeal was filed. Other appeals were filed from time to time during the early part of the following week. It is evident that a notice to the appealing parties and a hearing could not be effected by twelve o'clock Sunday night at which time the new rates were to become effective and it was therefore certain that if the appeals were to be allowed to stay the operation of the order of the Utilities Commission the Rhode Island Company would be suddenly confronted with a change of its plans, already consummated, and the resumption of its former rates, something which, in the limited period which remained would be a practical impossibility and if attempted would be necessarily attended with great confusion and distress, not only to the officers and the employees of that company but to the traveling public.

At the time of the filing of the first appeal other appeals were known to be in contemplation and as before stated were filed from time to time during two or three succeeding days. As each appeal, unless its operation was stayed, would necessitate, under the recent opinion of this court, a notice and hearing, the whole matter would become harassing and disturbing to all concerned.

If the action of the single justice was an illegal act through the want of notice and an opportunity for the appealing parties to be heard, assuming that the court had jurisdiction

of the matter, it was void and should have been vacated. If it was void it was without any legal efficacy and had no legal or binding force.    If it was illegal and void how can the full court, assuming that it has any right to deal with it at all, hold it to be good and valid as an order, differing in purpose and effect from the one issued, which is now claimed to be without foundation in law.

The opinion of October 20, in stating that it is within the province of the General Assembly to confer the powers enumerated in Section 35 of Chapter 795 of the Public Laws upon whoever it may see fit and that the person so empowered has a concurrent jurisdiction, furnishes its own reputation.

The matter now having been heard before the full court the same conclusion has been reached, which the single justice previously arrived at, that the operation of the appeals should be stayed leaving the lack of notice and hearing as the only basis for the interference of the full court, something which the statute neither mentions nor contemplates.

*John F. Murphy, Town Solicitor,* for town of West Warwick.

*Frank H. Wildes, City Solicitor,* for city of Cranston.

*Patrick E. Dillon, Town Solicitor,* for town of Cumberland.

*Harold R. Curtis, Town Solicitor,* for town of Warwick.

*James E. Dooley, Town Solicitor,* for town of Johnston.

*John J. Lace, Jr., Town Solicitor,* for town of Burrillville.

*Alfred G. Chaffee,* for town of East Greenwich.

*James G. Connolly, City Solicitor,* for city of Pawtucket.

*Arthur Cushing, Town Solicitor* for town of North Providence.

*Clifford Whipple, G. Frederick Frost,* for receivers of Rhode Island Co.